| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

FILIBERTO ESPINOZA,                §
                                   §
           Plaintiff,              §
                                   §
*versus*                           §   CIVIL ACTION NO. 1:07-CV-051
                                   §
THE NACHER CORPORATION,            §
                                   §
           Defendant.              §

## MEMORANDUM AND ORDER

Pending before the court is Plaintiff Filiberto Espinoza's ("Espinoza") Motion for Voluntary Dismissal (#12).  Espinoza seeks a court-ordered dismissal without prejudice of all of his claims, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  Defendant The Nacher Corporation ("Nacher") opposes this motion, contending that the court should address the merits of its subsequently filed motion for summary judgment.  Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that Espinoza's motion should be granted.

I.   Background

Espinoza originally instituted this action in state court on November 17, 2006, asserting claims under the Jones Act and general maritime law.  Espinoza alleges that he sustained injuries in an accident occurring on or about July 30, 2005, while employed as a crew member of a movable Rowen drilling rig in the Gulf of Mexico.  Nacher filed a notice of removal to federal court on January 24, 2007, and filed an answer on January 26, 2007, advancing a number of defenses.  On April 13, 2007, the parties agreed to a scheduling order, which mandates that

discovery be completed by November 16, 2007, and that all motions be filed on or before November 30, 2007. Docket call is set for March 7, 2008.

On April 19, 2007, Espinoza filed the instant motion to obtain a court-ordered dismissal of this action in order to pursue his remedies in state court against Nacher and other additional, non-diverse defendants. Nacher opposes the motion and argues that this court would have jurisdiction over additional, non-diverse defendants, thereby eliminating the need to proceed in state court. Additionally, Nacher contends that new litigation in state court could result in a second removal to federal court.

On April 26, 2007, Nacher filed a motion for summary judgment, arguing that Espinoza's claim is not viable. Nacher first maintains that Espinoza is not a seaman under the Jones Act. It also asserts that Espinoza's suit is barred under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-950 (2006). Accordingly, Nacher argues that the court should deny Espinoza's motion to dismiss and address the merits of its motion for summary judgment.

II.     Analysis

   A.     Voluntary Dismissal

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." FED. R. CIV. P. 41(a)(2); *accord Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 n.2 (5th Cir. 2002); *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 198-99 (5th Cir. 1991). "The decision to dismiss an action rests within the sound discretion of the trial court and may only be reversed for an abuse of that discretion."

*Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985); *see United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 329 (5th Cir. 2003) (citing *Davis*, 936 F.2d at 199); *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990); *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1274-75 (5th Cir. 1990) (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)). Generally, a motion for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the possibility of a second lawsuit. *Doe*, 343 F.3d at 330 (citing *Elbaor*, 279 F.3d at 317); *Davis*, 936 F.2d at 199; *Manshack*, 915 F.2d at 174. The purpose of Rule 41(a)(2), however, is to prevent voluntary dismissals from unfairly prejudicing the opposing party and to allow the court to impose curative conditions. *Elbaor*, 279 F.3d at 317.

In evaluating a motion for voluntary dismissal, the court should take into consideration whether an unconditional dismissal will cause the non-movant to suffer legal prejudice. *See id.* Legal prejudice has been defined as "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996); *see also Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001). For example, legal prejudice exists when an affirmative defense, such as the statute of limitations, would be lost. *See United States ex rel. Matthews v. HealthSouth Corp.*, 332 F.3d 293, 297 (5th Cir. 2003) (citing *Elbaor*, 279 F.3d at 318; *Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984, 987-88 (5th Cir. 1989)); *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 178-80 (5th Cir. 1990) (vacating and remanding because non-movant could lose *forum non conveniens* defense). "Plain legal prejudice can also exist regarding the timing of a motion for voluntary dismissal." *Robles v. Atlantic Sounding Co.*, 77 F. App'x 274, 275 (5th Cir. 2003). If the court finds that legal prejudice does

not exist, then the motion should be granted. *See Elbaor*, 279 F.3d at 317. If, however, the court finds that the motion will cause legal prejudice, then the court can deny the motion or impose conditions that will cure the prejudice. *See id*. at 317-18.

The following factors are taken into consideration when determining whether the court should deny a Rule 41(a)(2) motion for voluntary dismissal: (1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant. *See id*. at 318 n.3 (citing *Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998)). "'[W]hen a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal.'" *Doe*, 343 F.3d at 330 (quoting *Davis*, 936 F.2d at 199); *see Robles*, 77 F. App'x at 275. The potential that additional expense may be incurred in relitigating the matter in another forum, or at a later date, is insufficient to support a finding of legal prejudice necessary for denial of a Rule 41(a)(2) motion for voluntary dismissal. *See Doe,* 343 F.3d at 330 (citing *Elbaor*, 279 F.3d at 318 n.3); *Manshack*, 915 F.2d at 174.

In this instance, Nacher has not made the required showing that it will suffer "plain legal prejudice" as a result of the dismissal. Nacher has not indicated any particular claim, defense, or choice of law that would be undermined by dismissal without prejudice. *See Westlands Water Dist*., 100 F.3d at 97. Indeed, the law in a Jones Act case applies equally in either federal or state court. *See Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 405-06 (Tex.), *cert. denied*, 525 U.S. 1017 (1998) ("When a state court hears an admiralty case, that court occupies essentially

the same position occupied by a federal court sitting in diversity: the state court must apply substantive federal maritime law but follow state procedure."). Further, Nacher did not file any dispositive motions prior to Espinoza's filing his motion to dismiss, nor did this court make any rulings that affected the choice of law or defenses available to Nacher. At most, Nacher will suffer the inconvenience of a second lawsuit, which is insufficient to constitute plain legal prejudice. *See Doe*, 343 F.3d at 330 (citing *Elbaor*, 279 F.3d at 318 n.3); *Manshack*, 915 F.2d at 174 (noting that the mere prospect of a second lawsuit does not constitute plain legal prejudice).

Although Nacher has completed some discovery and filed a motion for summary judgment, the efforts expended and pendency of such a motion do not mandate the denial of Espinoza's motion because the underlying effort would likely prove useful in any future litigation. In addition, less than six months have elapsed since this action was removed to federal court. No hearings have been held, and discovery is not scheduled to be completed for another six months. Thus, significant time and effort has not been expended litigating this action, and granting the motion will not cause Nacher the requisite legal prejudice to preclude dismissal.

III. Conclusion

Accordingly, Espinoza's Motion for Voluntary Dismissal is granted. This case will be dismissed without prejudice. All outstanding motions are denied as moot.

SIGNED at Beaumont, Texas, this 24th day of May, 2007.

_Marcia A. Crone_
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE